UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DENNIS,

    Petitioner,

v.

SHERRY BURT,

    Respondent.
_____/

Case No. 2:20-CV-11545
Honorable Linda V. Parker

**OPINION AND ORDER: (1) DISMISSING AS DUPLICATIVE THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

William Dennis ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenged his conviction for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(b), and one count of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1). The matter was assigned to the Honorable Sean F. Cox, who denied the petition with prejudice because it was filed outside the one-year limitations period applicable to habeas corpus petitions. *Dennis v. Burt*, No. 2:18-cv-12197, 2019 WL 4439814 (E.D. Mich. Sept. 16, 2019), *appeal dismissed* No. 19-2196 (6th Cir. Jan. 15, 2020).

1

On April 24, 2020, Petitioner filed a Petition for a Writ of Habeas Corpus Ad Testificandum and a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6), which was assigned to the undersigned. (ECF No. 1.) These filings were docketed together as a petition for a writ of habeas corpus. In his motion for relief from judgment, Petitioner challenges the denial of his earlier habeas corpus petition as untimely. Petitioner asks the Court to order the warden to produce him to testify regarding his Rule 60(b) motion. Petitioner claims he is entitled to equitable tolling of the limitations period because he retained an attorney to file a habeas petition on his behalf, but the attorney failed to do so.

Petitioner previously filed an identical petition and motion, asserting the same arguments. The judge in that case ordered the petition and motion re-filed in the initial habeas proceedings and dismissed the action without prejudice. *Dennis v. Burt*, No. 20-cv-11156 (E.D. Mich. June 19, 2020). The petition and motion were then refiled in Case No. 2:18-cv-12197 and remain pending before Judge Cox. See *Dennis v. Burt*, No. 2:18-cv-12197 (E.D. Mich.), ECF No. 28.

Petitioner's current habeas petition and accompanying motion are subject to dismissal because they seek the same relief as his earlier petitions and are therefore duplicative. *See Davis v. U.S. Parole Com'n*, No. 88-5905, 1989 WL 25837, at *1

2

(6th Cir. Mar. 7, 1989) (affirming the district court's dismissal of a duplicative habeas petition, as the petition was essentially the same as an earlier-filed petition); *see also Warren v. Booker*, No. 06-cv-14462-DT, 2006 WL 3104696, at *1 (E.D. Mich. Oct. 31, 2006) (same). Accordingly, the Court is dismissing this action without prejudice.

The Court also is denying Petitioner a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find it debatable that Petitioner's petition and motion are duplicative of previous filings and therefore subject to dismissal. The Court is also denying Petitioner leave to appeal *in forma pauperis*, because an appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly,

**IT IS ORDERED** that Petitioner's petition and motion are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability and leave to appeal *in forma pauperis.*

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 8, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 8, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager